1   KARL J. KRAMER (CA SBN 136433)
    KKramer@mofo.com
2   COLETTE R. VERKUIL (CA SBN 263630)
    cverkuil@mofo.com
3   ADELA GOTZ (CA SBN 297841)
    agotz@mofo.com
4   MORRISON & FOERSTER LLP
    755 Page Mill Road
5   Palo Alto, California  94304-1018
    Telephone: 650.813.5600
6   Facsimile: 650.494.0792

7   Attorneys for Plaintiff
    ALTERA CORPORATION

8

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

| 12 | ALTERA CORPORATION, | Case No. |
|---|---|---|
| 13 | Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY** |
| 14 | v. | |
| 15 | PAPST LICENSING GMBH & CO. KG, | |
| 16 | Defendant. | **DEMAND FOR JURY TRIAL** |

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Altera Corporation ("Altera"), by and through its attorneys, alleges as follows:

**PARTIES**

1.  Altera is a corporation organized under the laws of the State of Delaware with its principal place of business at 101 Innovation Drive, San Jose, California 95134. Altera regularly conducts business in the Northern District of California.

2.  Upon information and belief, Defendant Papst Licensing GmbH & Co. KG, ("Papst") is a German corporation, with its principal place of business at Bahnhofstr. 33, 78112 St. Georgen, Germany.

3.  Papst alleges that it is the assignee and owner of the patents at issue in this action: U.S. Patent Nos. 6,704,891 and 6,574,759.

**JURISDICTION AND VENUE**

4.  This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, against Papst for a declaration that pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 et seq., the disputed claims of U.S. Patent Nos. 6,704,891 and 6,574,759 (together the "Papst patents-in-suit") are not infringed by Altera and are invalid. Jurisdiction as to these claims is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

5.  Upon information and belief, this Court has personal jurisdiction over Papst by virtue of Papst's sufficient minimum contacts with this forum. Representatives from Papst have availed themselves of this judicial district on at least two occasions.

6.  On July 17, 2014, the Managing Director of Papst, with Papst's senior counsel and local counsel, came to the offices of Altera in San Jose, California, accused Altera of infringing claims of the Papst patents-in-suit, and asserted that Altera must obtain licenses for those patents from Papst.

7.  The same representatives of Papst repeated these allegations at a subsequent meeting at Altera's headquarters on October 16, 2014.

8.  Papst has sufficient minimum contacts with this forum because it has asserted its patents in this district.

9.     Venue is proper in this jurisdiction under 28 U.S.C. §§ 1391 and 1400(b). Papst is a corporation that is subject to personal jurisdiction in this district.

**INTRADISTRICT ASSIGNMENT**

10.     This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

**THE PATENTS-IN SUIT**

11.     The United States Patent and Trademark Office (the "USPTO") issued U.S. Patent No. 6,704,891 ("the '891 patent"), entitled "Method for verifying and improving run-time of a memory test" on March 9, 2004. A true and correct copy of the '891 patent is attached hereto as Exhibit 1.

12.     The USPTO issued U.S. Patent No. 6,574,759 ("the '759 patent"), entitled "Method for verifying and improving run-time of a memory test" on June 3, 2003. A true and correct copy of the '759 patent is attached hereto as Exhibit 2.

**DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

13.     Prior to the filing of this Complaint, Papst made assertions to Altera that certain of Altera's Field Programmable Gate Array products, related software, and/or services ("Altera's Products") allegedly infringe certain disputed claims of the Papst patents-in-suit. Papst represents that it owns and has the right to enforce these patents. Altera has a reasonable apprehension that Altera may be sued on the basis of such assertions.

14.     By virtue of these acts, an actual and justiciable controversy exists between the parties concerning Altera's liability for the alleged infringement of the Papst patents-in-suit. Altera now seeks a declaratory judgment of invalidity and noninfringement of the Papst patents-in-suit.

**COUNT I**
**(INVALIDITY OF U.S. PATENT NO. 6,704,891)**

15.     The allegations contained in paragraphs 1 through 14 are incorporated by reference as if fully set herein.

16.     Papst claims to be the owner and assignee of all rights, title, and interest in and under the '891 patent.

17.     Papst communicated to Altera that it has the right to assert the '891 patent.

18.     As a result of Papst's allegations against Altera, an actual controversy exists as to the validity of the '891 patent.

19.     Every disputed claim of the '891 patent is invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

## COUNT II
## (NONINFRINGEMENT OF U.S. PATENT NO. 6,704,891)

20.     The allegations contained in paragraphs 1 through 14 are incorporated by reference as if fully set herein.

21.     Papst claims to be the owner and assignee of all rights, title, and interest in and under the '891 patent.

22.     Papst communicated to Altera that Altera must obtain a license under the '891 patent from Papst for certain of Altera's Products.

23.     As a result of Papst's allegations against Altera, an actual controversy exists as to the infringement of the '891 patent.

24.     Altera is not infringing and has not infringed any disputed claim of the '891 patent, either directly or indirectly.

## COUNT III
## (INVALIDITY OF U.S. PATENT NO. 6,574,759)

25.     The allegations contained in paragraphs 1 through 14 are incorporated by reference as if fully set herein.

26.     Papst claims to be the owner and assignee of all rights, title, and interest in and under the '759 patent.

27.     Papst communicated to Altera that it has the right to assert the '759 patent.

28.     As a result of Papst's allegations against Altera, an actual controversy exists as to the validity of the '759 patent.

29.     Every disputed claim of the '759 patent is  invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

## COUNT IV
### (NONINFRINGEMENT OF U.S. PATENT NO. 6,574,759)

30.     The allegations contained in paragraphs 1 through 14 are incorporated by reference as if fully set herein.

31.     Papst claims to be the owner and assignee of all rights, title, and interest in and under the '759 patent.

32.     Papst communicated to Altera that Altera must obtain a license under the '759 patent from Papst for certain of Altera's Products.

33.     As a result of Papst's allegations against Altera, an actual controversy exists as to the infringement of the '759 patent.

34.     Altera is not infringing and has not infringed any disputed claim of the '759 patent, either directly or indirectly.

### PRAYER FOR RELIEF

WHEREFORE, Altera prays for judgment as follows:

A.     A declaration that the disputed claims of the '891 patent are invalid;

B.     A declaration that the disputed claims of the '891 patent are not infringed by Altera;

C.     A declaration that the disputed claims of the '759 patent are invalid;

D.     A declaration that the disputed claims of the '759 patent are not infringed by Altera; and

E.     Any and all other legal and equitable relief as may be available under law and which the court may deem proper.

1    Dated: October 28,  2014                    KARL J. KRAMER
                                                 COLETTE R. VERKUIL
2                                                ADELA GOTZ
                                                 MORRISON & FOERSTER LLP
3

4                                                By:  /s/ Colette R. Verkuil
                                                      COLETTE R. VERKUIL
5
                                                 Attorneys for Plaintiff
6                                                ALTERA CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Altera hereby demands

3     trial by jury on all issues raised by the Complaint.

4

Dated: October 28, 2014                          KARL J. KRAMER
5                                                COLETTE R. VERKUIL
                                                 ADELA GOTZ
6                                                MORRISON & FOERSTER LLP

7
                                                 By: /s/ Colette R. Verkuil
8                                                    COLETTE R. VERKUIL

9                                                Attorneys for Plaintiff
                                                 ALTERA CORPORATION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28