UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALTERA CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAPST LICENSING GMBH & CO.KG,<br><br>　　　　Defendant. | Case No. 14-CV-04794-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Re: Dkt. No. 59 |

　　　　Before the Court is an administrative motion to seal a patent purchase agreement and related documents, filed in connection with Defendant Papst Licensing GMBH & Co.KG's motion to dismiss. ECF No. 59 ("Motion"). The Court previously denied an administrative motion to seal the same documents that are now the subject of the instant Motion. *See* ECF No. 56 (Order denying motion to seal).

　　　　"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Motions to dismiss are typically treated as dispositive. *In re PPA Prods. Liability Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006).

Furthermore, pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly

2
Case No. 14-CV-04794-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

With these standards in mind, the Court rules on the instant Motion as follows:

| **Motion to Seal** | **ECF No.** | **Document to be Sealed** | **Ruling** |
|---|---|---|---|
| 59 | 59-4 | Certain portions of Exhibit K to the Declaration of Alessa Phang in Support of Altera's Amended Opposition | GRANTED as to the proposed redactions on Page 2, § 2.1; Page 11, § 2.1; Page 27; and Page 39. Otherwise DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |

**IT IS SO ORDERED.**

Dated: August 11, 2015

_____
LUCY H. KOH
United States District Judge

3
Case No. 14-CV-04794-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL